**SIGNED THIS: January 13, 2010**

_____
                    **GERALD D. FINES**
          **UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                                )
                                      )
JACK S. BOPARAI and                   )   Bankruptcy Case No. 08-92126
JULIE L. BOPARAI,                     )
                                      )
                   Defendants.        )

OPINION

This matter having come before the Court on a Motion for Turnover Order filed by the
Trustee, Response to Trustee's Motion for Turnover Order filed by the Debtors, and the Trustee's
Objection to the Debtors' First Amendment to Schedule C; the Court, having heard arguments of
counsel, having reviewed written memoranda of the parties, and being otherwise fully advised
in the premises, makes the following findings of fact and conclusions of law pursuant to Rule
7052 of the Federal Rules of Bankruptcy Procedure.

The facts in this matter are not disputed and are accurately set forth in the pleadings. The
legal issue in this matter is identical to the issue in <u>In re Koeneman</u>, Case No. 2:09-CV-02092,
decided on appeal from this Court by Chief United States District Court Judge McCuskey on July
29, 2009.

The Trustee asserts that the decision in Koeneman is binding and that his Motion for Turnover Order and Trustee's Objection to Debtors' First Amendment to Schedule C must be allowed.  Debtors assert that this Court is not bound by the District Court ruling in Koeneman, and that this Court should follow the line of cases finding opposite of the District Court in Koeneman.

The exact issue presented here was recently raised by the same Trustee, in the Springfield Division of the Central District of Illinois, in the case of Sherry K. Lane, Case No. 08-73187.  On January 12, 2010, Judge Mary Gorman issued an Opinion and Order in which she ruled that she would follow the decision of the District Court in Koeneman and allow the Trustee's Motion for Turnover and his objection to the Debtor's claim of exemption.  Judge Gorman's reasoning for her decision was well presented and sound.  Considering the instant case in light of Judge Gorman's decision in Lane, this Court finds that it concurs with Judge Gorman on all aspects of Lane.  Even though this Court will continue to follow the decision of the District Court in Koeneman, it continues to believe, as does Judge Gorman, that the reasoning and discussion of the same issue raised herein by Judge Wedoff in In re Mayer, 388 B.R. 869 (Bankr. N.D. Ill. 2008) and Judge Coachys in In re Haraughty, 403 B.R. 607 (Bankr. S.D. Ind. 2009), point to an opposite result.

### 

2